### DUNN v. ROBINS.

(*Supreme Court, General Term, Fifth Department.* October 21, 1892.)

LANDLORD—AGREEMENT TO REPAIR LEAKAGES—LIABILITY TO TENANT.

> An agreement by a landlord to stop the frequent leaking of water from upper portions of a building, due to the carelessness of tenants, and pay any damages sustained by an undertenant, if the latter would only not remove as he was threatening, on account of the untenantableness of the building, is founded on a sufficient consideration, and enforceable against the landlord, though otherwise the landlord might not have been liable for such damages.

Appeal from Erie county court.

Action by Michael Dunn against Amos Robins to recover for damages caused by the leaking of water from the upper portions of a building rented by plaintiff of defendant. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*W. B. Simson,* for appellant. *Emery & Sickmon,* for respondent.

MACOMBER, J. The plaintiff rented a certain basement of the premises of the defendant in Tonawanda, N. Y., July 25, 1887, for a period of two years and nine months, occupation to begin July 25th. During the time of this occupation, and before the termination of the lease, the tenant had been greatly annoyed and damaged somewhat by the leaking of water from the stores overhead, wetting his tables and beds, and greatly incommoding him in his business, which was that of a restaurant keeper. The plaintiff testified that the wetting happened as often as once a week or oftener, and at times it would be as frequent as three or four times a week. On complaint being made by the tenant to the landlord a week or 10 days after the tenancy began, the landlord promised, as the plaintiff testified, that he would rectify the matter, and would pay for any damages sustained by the tenant, if he would keep on with his occupation, and not move out, as he had threatened to do, on the ground that the premises were untenantable. It is to recover the damages sustained by the plaintiff by reason of such continued wetting that this action is brought, and a recovery was had in the county court upon the contract under the version of it given by the plaintiff.

If the testimony of the plaintiff is deemed to be true, as the jury has said it is, we see no obstacle in the way of a recovery under this contract. It is true, as is argued by the learned counsel for the appellant, that the landlord is not liable to the tenant for damages caused by the carelessness of other tenants in upper portions of the buildings. But if it appeared as a matter of fact that the wetting of these basement rooms was continuous, and was so great as to make the premises untenantable, there was afforded a sufficient consideration for the agreement made, and the defendant is liable thereon. The legal rights of the tenant and the landlord, as determined by the lease alone, do not enter into this case, and it is not necessary to consider them, for the landlord, recognizing and admitting the untenantableness of the building, promised to pay the damages sustained by the tenant, provided the lat-

ter continued in occupation, which he did. The judgment and order should be affirmed.

Judgment and order of the county court of Erie county, appealed from, affirmed, with costs. All concur.